Weaver v. Beard.

---

WEAVER, Respondent, *vs.* BEARD & BROTHER, Appellants.

1. The assignee of a note not negotiable cannot sue a remote assignor in an action at law. Under the new practice, his petition must set forth the same facts that would formerly have been necessary in a bill in equity.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover the amount of a note, which the petition stated was executed by Kilburn & Masson, payable to the defendants or order, and by defendants endorsed and delivered to Hastings & Mower, who endorsed and delivered the same to the plaintiff. It was further stated in the petition that when the note became due, Kilburn & Masson were insolvent, so that a suit against them would have been unavailing. The note sued upon was not set out in the record. The cause was tried by the court without a jury, and it was found as a fact that the note was endorsed first by defendants and then by Hastings & Mower, at the same time, for the accommodation of Kilburn & Masson, who thereupon took the note and delivered it to plaintiff in payment of another note held by him, upon which also the defendants and Hastings & Mower were parties for the accommodation of Kilburn & Masson. It was further found that the plaintiff had agreed with Hastings & Mower not to sue them, in consideration of which said H. & M. had executed to plaintiff four notes as collateral, two of which had been paid by them, and that the plaintiff had agreed to refund the amount so paid in case he recovered of the defendants.

There was a judgment for the plaintiff for the amount of the note, and the defendants appealed.

*T. T. Gantt,* for appellants.

*Blackburn & McLean,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

The nature of the instrument sued upon has been misconceived. It is not a bill of exchange, nor subject to the law governing such paper. It is what is called an assignable note under our statute concerning bonds and notes. The note not being negotiable, an action, according to the principles of the common law, would not lie upon it, there being no consideration, an unsealed note not importing one. Our statute has given an action on such instruments to the payee against the maker, and also to the assignee against his immediate assignor, in the event the note is not paid by the maker after he has been pursued with due diligence. This action, as brought, could only be sustained by the plaintiff against his immediate assignors, Hastings & Mower. The only way in which the last assignee can reach a remote assignor is by a proceeding in the nature of a bill in equity, in which the facts would be set forth showing the grounds on which such assignor would be liable to a remote assignee. If Beard & Bro. had assigned the note to Hastings & Mower, for value, and Hastings & Mower, for value, had assigned it to the plaintiff, nothing more appearing, the plaintiff would have had an action at law against his immediate assignors, Hastings & Mower. He could not sue a remote assignor, because there would be no privity of contract between them. He could only reach such assignor by a bill in equity, in which, these facts being shown, he would be entitled to recover.

The distinction between actions is now abolished, and there is no action at law, no bill in equity. But we have over and over again said that a party who had a mere equity could not assert it in a petition in which he claims by a legal title. Whether an equity is asserted in a petition for relief or as a defence to a legal demand, the party cannot treat it in his pleading as a legal title, but must state the facts out of which his equity arises, as it would have been stated under the former mode of practice. He must show the facts and circumstances

which constitute his equitable title to relief. He cannot, on a mere legal title, asserted by way of petition or answer, set up an equitable title or defence. Under the present practice act, the equity must be stated in the pleadings in such way as to show that its existence is recognized by law.

We will not undertake to determine from the record, as it now stands, whether the present plaintiff has any equity against the defendants. The principle on which this cause was tried below, that the parties were liable in the order in which they stood on the paper, beginning with the maker first, as in the case of mercantile negotiable paper, is not applicable. There is no legal liability on the note sued on between any other parties than the last assignee and his immediate assignors and the makers. The recourse of the last assignee against remote assignors, can only be reached by a proceeding in the nature of a bill in equity, setting forth the equitable circumstances which render such assignors liable to the last assignee. It seems that the defendants and Hastings & Mower were mere sureties of Kilburn & Masson. From the form of the security given, as set forth in the petition, Hastings & Mower are responsible at law immediately to the plaintiff. What equity there would be in taking the whole burden from those who are immediately liable, and placing it upon the other sureties, must be shown in a petition hereafter to be filed. (*Smith* v. *Harley*, 8 Mo. Rep. 559.) With the concurrence of the other judges, the judgment will be reversed.